IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02791-SKC

LAURA JO GLICKMAN,

    Plaintiff,

v.

LOWE'S HOME CENTERS L.L.C., d.b.a. LOWE'S HOME IMPROVEMENT, d.b.a. LOWE'S #0102, and d.b.a. LOWE'S OF AURORA, CO.

    Defendant.

## DEFENDANT LOWE'S HOME CENTERS LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Defendant Lowe's Home Centers, LLC ("Defendant" or "LHC"), through their undersigned counsel, hereby submit their Answer to Plaintiff's Amended Complaint and Jury Demand as follows:

### I.    PARTIES

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint upon information and belief.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint with respect to LHC but denies the various "d.b.a." designation allegations are applicable.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4. Defendant admits that it was a "landowner" of the Lowe's store located at 1701 S. Havana St., Aurora, CO, as that term is contemplated and defined by the Colorado Premises Liability Act, but denies any allegation contained in Paragraph 4 of Plaintiff's Amended Complaint that is inconsistent therewith.

5. Defendant admits that it was a "landowner" of the Lowe's store located at 1701 S. Havana St., Aurora, CO, as that term is contemplated and defined by the Colorado Premises Liability Act, but denies any allegation contained in Paragraph 5 of Plaintiff's Amended Complaint that is inconsistent therewith.

6. Defendant admits that it was a "landowner" of the Lowe's store located at 1701 S. Havana St., Aurora, CO, as that term is contemplated and defined by the Colorado Premises Liability Act, but denies any allegation contained in Paragraph 6 of Plaintiff's Amended Complaint that is inconsistent therewith

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

## II.   JURISDICTION AND VENUE

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11. The allegations contained in Paragraph No. 11 of the Amended Complaint are solely legal conclusions to which no response is required. To the extent a response is required,

Defendant denies the allegations contained in Paragraph No. 11 of the Amended Complaint and refer all questions of law to the Court for its determination.

12. The allegations contained in Paragraph No. 12 of the Amended Complaint are solely legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 12 of the Amended Complaint and refer all questions of law to the Court for its determination.

13. The allegations contained in Paragraph No. 13 of the Amended Complaint are solely legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 13 of the Amended Complaint and refer all questions of law to the Court for its determination.

### III. GENERAL ALLEGATIONS

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and on that basis deny same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and on that basis deny same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis deny same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis deny same.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

## IV.   FIRST CLAIM FOR RELIEF
### (Premises Liability)

24. In response to the allegations contained in Paragraph No. 24 of the Amended Complaint, Defendant repeats, reiterates and re-alleges each and every response as previously set forth to the Paragraphs designated as Paragraphs 1 through 23 the Amended Complaint, with the same force and effect as if fully set forth herein.

25. Defendant admits it was a "landowner" of the subject Lowe's store as that term is defined by the Colorado Premises Liability Act.

26. Defendant admits that it was a "landowner" of the Lowe's store located at 1701 S. Havana St., Aurora, CO, as that term is contemplated and defined by the Colorado Premises Liability Act, but denies any allegation contained in Paragraph 26 of Plaintiff's Amended Complaint that is inconsistent therewith.

27. Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint.

28. Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint.

29. Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint, and on that basis deny same.

30. Defendant admits that it was a "landowner" of the Lowe's store located at 1701 S. Havana St., Aurora, CO, as that term is contemplated and defined by the Colorado Premises Liability Act.  However, Defendant denies any allegation of a duty that is contained in Paragraph 30 of Plaintiff's Amended Complaint that is inconsistent with the Act.

31. Defendant admits that it was a "landowner" of the Lowe's store located at 1701 S. Havana St., Aurora, CO, as that term is contemplated and defined by the Colorado Premises Liability Act.  However, Defendant denies any allegation of a duty that is contained in Paragraph 31 of Plaintiff's Amended Complaint that is inconsistent with the Act.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

## V.  PRAYER FOR RELIEF

Defendant denies all allegations of Plaintiff's Amended Complaint and Jury Demand not expressly admitted above, including, without limitation, the request for relief enumerated under plaintiff's "PRAYER FOR RELIEF," including its "WHEREFORE" clause and subparts (1) through (8) regarding each claim for relief and generally.  Defendant further denies the incident described in Plaintiff's Amended Complaint and Jury Demand, as well as each and every allegation of any wrongdoing, improper conduct, negligence, causation and damages.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. The conduct of the Defendant was not a material element or substantial factor in bringing about the actual damages, if any, claimed by Plaintiff.

3. Plaintiff has failed to mitigate her claimed damages, if any, as required by law and are therefore barred from recovery against Defendant.

4. Plaintiff's damages, if any, were the direct and proximate result of the acts of Plaintiff, or some other third party or person over whom Defendant has no control or right of control.

5. Plaintiff's damages, if any, are the result of intervening and superseding causes.

6. Plaintiff's non-economic damages, if any, are barred or limited by the provisions of C.R.S. § 13-21-102.5.

7. Plaintiff may have assumed the risk or injury or damage by voluntarily or unreasonably exposing herself to injury or damage without knowledge or appreciation of the danger and risk involved, as set forth in C.R.S. § 13-21-111.7.

8. Plaintiff's damages, if any, were the direct result of pre-existing conditions.

9. The negligence of Plaintiff was equal to or greater than the alleged negligence of Defendant, if any, which liability Defendant expressly denies, and, therefore, the recovery sought by Plaintiff must be eliminated or proportionately reduced on a comparative basis in accordance with C.R.S. § 13-21-111.

10. Plaintiff's damages, if any, were caused by nonparties at fault pursuant to C.R.S. § 13-21-111.5. Defendant reserves the right to designate any nonparties pursuant to C.R.S. § 13-21-111.5.

11. Plaintiff's claim(s) may be limited or barred by Colorado's Premises Liability Act, § 13-21-115.

12. Plaintiff's damages, if any, must be reduced by all recoveries received from collateral sources, and Defendant may be entitled to a set-off. C.R.S. § 13-21-111.6.

13. Plaintiff's damages, if any, were the result of unforeseeable circumstances, which could not have been reasonably anticipated by Defendant, and Defendant is not legally responsible for Plaintiff's alleged damages.

14. Plaintiff's medical treatment, if any, may not have been reasonable or necessary, or incurred as a result of the injuries or conditions complained of as resulting from the incident.

15. Counsel for Defendant has not had an opportunity to participate in discovery or conduct a full investigation into the facts of this case. Thus, the defenses being set forth above are pled alternatively pursuant to C.R.C.P. 8(e)(2). Counsel for Defendant will dismiss, withdraw, or

modify any defense as may be required pursuant to C.R.C.P. 11, if it is revealed after discovery that Defendant cannot prevail in such defense.

16. Defendant reserves the right to bring additional affirmative defenses and/or to modify, revise, supplement, or withdraw affirmative defenses based on further investigation and discovery.

## JURY DEMAND

**DEFENDANT DEMANDS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant respectfully requests the Court to dismiss the same, for her costs and attorney's fees incurred herein, and for such other and further relief as the Court deems appropriate.

Respectfully submitted this 27th day of October, 2023.

HALL & EVANS, LLC

*s/Christopher Bryan*
Christopher Bryan
Tyler D. Baker
1001 17th Street, Suite 300
Denver, CO 80202
***Attorneys for Defendant***
***Lowe's Home Centers LLC***

## CERTIFICATE OF SERVICE

    I certify that on 27th day of October, 2023, a true and correct copy of the foregoing **DEFENDANT LOWE'S HOME CENTERS LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND** was electronically filed via Colorado Courts E-filing addressed to the following:

Holly B. Kammerer, Esq.
Kristi Paschall, Esq.
Alyssa C. E. Hill, Esq.
Burg Simpson Eldredge Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, Colorado 80112
*Attorneys for Plaintiff*

                                              *s/ Olivia Erkhart*